IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Plaintiff, | No. 2:12-cv-3050 GEB KJN PS |
| vs. | |
| JOSEPH CARTAGENAS, et al., | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Defendants. / | |

This is an unlawful detainer action that was removed to this court by defendants Joseph Cartagenas and Helen Cartagenas, proceeding without counsel, from San Joaquin County Superior Court on December 19, 2012. (Dkt. No. 1.)[1] Defendants have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (See Dkt. No. 2.) The next day, on December 20, 2012, plaintiff Federal Home Loan Mortgage Corporation filed a motion to remand the action to state court based on lack of subject matter jurisdiction, noticed for hearing before the undersigned on January 17, 2013. (Dkt. No. 3.)

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. After conducting the required screening pursuant to 28 U.S.C. § 1915, and for the reasons discussed below, the court finds that it lacks subject matter jurisdiction over the action, and recommends that the action be summarily remanded to state court and that plaintiff's motion to remand be denied as moot.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

(citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

1          Here, removal cannot be based on federal question jurisdiction.  The state court
2 pleadings and papers attached to the removal notice establish that the state court action is nothing
3 more than a simple unlawful detainer action, and is titled as such.  (See Dkt. No. 1-1 at 3-7. )
4 According to the state court complaint, plaintiff acquired the subject real property in Stockton,
5 California after a foreclosure sale and is seeking to evict defendants from the property.  (Dkt. No.
6 1-1 at 4-6.)  This court has no jurisdiction over unlawful detainer actions, which are brought
7 pursuant to state law and fall strictly within the province of the state court.  Defendants' claim
8 that this action somehow invokes the court's admiralty jurisdiction is entirely frivolous and
9 devoid of merit.  (Dkt. No. 1 at 2-3.)

10          Defendants also appear to contend that the action involves a federal question,
11 because they were dispossessed of their property without due process of law, and because their
12 due process and other constitutional rights were violated in the course of the unlawful detainer
13 proceedings in state court.  (See generally Dkt. No. 1.)  However, plaintiff's complaint itself is
14 strictly an action based on the California unlawful detainer statutes.  Thus, defendants' references
15 to federal constitutional violations can at best be characterized as potential defenses or
16 counterclaims, neither of which are considered in evaluating whether a federal question appears
17 on the face of a plaintiff's complaint.

18          Any defenses based on federal law must generally be raised in the state court
19 action (and if appropriate, pursued on appeal in the state appellate courts) and do not provide a
20 basis for removal to federal court.  "A case may not be removed to federal court on the basis of a
21 federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both
22 parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl.
23 Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108,
24 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp.,
25 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer
26 jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

in the plaintiff's complaint.")

Furthermore, this action cannot be removed on grounds of diversity jurisdiction. First, the amount in controversy does not exceed $75,000, because plaintiff's complaint specifically seeks less than $10,000. (Dkt. No. 1-1 at 4.) Second, defendants are citizens of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*") (emphasis added).

Based on the aforementioned analysis, the court finds that it lacks subject matter jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be SUMMARILY REMANDED to the San Joaquin County Superior Court;

2. The Clerk of Court be directed to serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, and reference the state case number (39-2012-00285497-CL-UD-STK) in the proof of service;

3. Defendants' request to proceed in forma pauperis (dkt. no. 2) be DENIED AS MOOT;

4. Plaintiff's motion to remand (dkt. no. 3) be DENIED AS MOOT; and

5. The Clerk of Court be directed to close this case and vacate all dates.

IT IS ALSO HEREBY ORDERED that the January 17, 2013 hearing on plaintiff's motion to remand is VACATED.

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3 (14) days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served on all parties and filed with the court within fourteen (14) days after service of the
7 objections.  The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
9 Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10   IT IS SO ORDERED AND RECOMMENDED.

11 DATED:  December 20, 2012

13   _____
   KENDALL J. NEWMAN
14   UNITED STATES MAGISTRATE JUDGE